**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Ponnopozz, LLC., an Illinois limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Case No.: |
| Grupo Erik Editores, S.L. a foreign company and Grupo Erik USA, LLC, a Florida limited liability company. | ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Now comes the Plaintiff, Ponnopozz, LLC, by its attorneys, Vincent Borst and Julia Jensen Smolka, of Robbins Di Monte Ltd. and complaining of the Defendants states as follows:

1.  This cause arises under the United States Copyright Act of 1976 (the "Copyright Act"), U.S. Code, Title 17, Section 101, et seq., and this Court has jurisdiction of this cause pursuant to U.S. Code Title 28, section 1338(a). Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to U.S. Code Title 28, Section 1391(b).

2.  The Plaintiff, Ponnopozz, LLC ("Plaintiff" and sometimes referred to herein as "Ponnopozz"), is now and was at all times pertinent hereto an Illinois limited liability company engaged in the business of graphic design and artistic design, with its principal office located in the City of Chicago, Illinois, and duly authorized as such.

3.  The Defendant, Grupo Erik USA, LLC, is a Florida limited liability company located in Weston, Florida. Upon information and belief, it is the United States affiliate or subsidiary of Defendant Grupo Erik Editores, S.L.

4.  The Defendant, Grupo Erik Editores, S.L., is an international company located in

Granada, Spain. As part of its business, it manufactures and sells office supplies, notebooks and planners direct to consumers through its own websites and through third party sellers such as Amazon.

5. On September 15, 2019, Ponnopozz created and first published a work of visual art ("Work") called "Polly". "Polly" is an artistic colored design originally created by Ponnopozz. Plaintiff registered "Polly" with the United States Copyright Office on July 8, 2021. The United States Copyright Office assigned it a registration number VA0002260305 (the "Copyrighted Material"). A copy of the federal copyright registration and visual material is attached as **Exhibit A** for reference.

6. At all relevant times hereto, Plaintiff has been the exclusive owner of the Copyrighted Material.

7. In early 2022, Plaintiff learned that Grupo Erik Editores, S.L. and Grupo Erik USA LLC (collectively, "Grupo Erik" or "Defendants"), wrongfully appropriated and was wrongfully using for its own commercial gain Ponnopozz's Copyrighted Materials. Grupo Erik, without the knowledge, consent or authorization of Ponnopazz, willfully placed the Copyrighted Materials on the cover of at least two versions of its annual planners, attached as **Exhibit B** for reference (the "Infringing Goods"). These Infringing Goods were offered for sale world-wide, including without limitation using internet commercial sales platforms targeting consumers in the United States, Australia, the United Kingdom, Spain, Taiwan, and Italy, as evidenced by the sale of the Infringing Goods at the URL's attached as **Exhibit C**, which is not considered an exhaustive list.

8. At no time did Grupo Erik seek or request from Plaintiff, and at no time did Plaintiff grant to Grupo Erik any license, right or other authorization to copy, use, publish, broadcast or display publicly the Copyrighted Material.

## COUNT I

### DIRECT COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501, ET SEQ.

9. Plaintiff repeats and incorporates herein by this reference paragraphs 1 through 8, inclusive.

10. The Copyright Act, 17 U.S.C.A. Section 501, states in part:

    (a) Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a), or who imports copies or phonorecords into the United States in violation of section 602, is an infringer of the copyright or right of the author, as the case may be.

11. The Copyright Act, 17 U.S.C.A. Section 502, states in part:

    (a) Any court having jurisdiction of a civil action arising under any title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

12. The Copyright Act, 17 U.S.C.A. Section 503, states in part:

    (a) (1) At any time while an action under this title is pending, the court may order the impounding, on such terms as it may deem reasonable— (A) of all copies or phonorecords claimed to have been made or used in violation of the exclusive right of the copyright owner.

    (b) As part of a final judgment or decree, the court may order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be reproduced.

13. The Copyright Act, 17 U.S.C.A. Section 504, states in part:

    "Remedies for infringement: Damages and profits"

    (b) Actual Damages and Profits.-The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the

> infringement and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."
>
> (c) Statutory Damages.—
>
> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

14. The Copyright Act, 17 U.S.C.A. Section 505, states:

> "Remedies for infringement: Costs and attorneys' fees In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or any officer thereof. Except as otherwise provided by this title, the court may also award reasonable attorney's fee to the prevailing party as a part of the costs."

15. Defendants infringed the copyrights in Plaintiff's Work by reproducing, distributing and/or publicly displaying the Copyrighted Material throughout the world via the internet.

16. Defendants knew the infringed works belonged to Plaintiff and that they did not have permission or the right to exploit the Copyrighted Material.

17. Defendants knew their acts constituted copyright infringement.

18. Defendants' conduct was willful within the meaning of the Copyright Act.

4

19. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business and goodwill.

20. Plaintiff is entitled to recover damages, which includes losses and any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17. U.S.C. § 504(c).

21. In addition, as Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

22. Plaintiff is entitled to recover its attorneys' fees and costs in this lawsuit pursuant to 17 U.S.C. § 505.

## COUNT II

### VICARIOUS LIABILITY FOR COPYRIGHT INFRINGEMENT
(Against Grupo Erik Editores, S.L.)

23. Plaintiff repeats and incorporates herein by this reference paragraphs 1 through 22, inclusive.

24. Grupo Erik Editores, S.L., as the parent company or affiliate of Grupo Erik USA, LLC, had the right and ability to supervise and control the infringing acts of Grupo Erik USA, LLC, which directly and willfully infringed the Copyrighted Material.

25. Grupo Erik Editores, S.L. had the ability to stop Grupo Erik USA, LLC's direct infringement of the Copyright Material and Grupo Erik Editores, S.L. obtained a direct financial benefit from the infringing activities of Grupo Erik USA, LLC.

26. The acts and conduct of Grupo Erik Editores, S.L. as alleged above in this Complaint constitute vicarious copyright infringement.

## PRAYER

WHEREFORE, the Plaintiff, Ponnopozz, LLC, requests judgment in its favor and that the Court:

(1) Enter a judgment against Defendants that they have:

    a. willfully infringed Plaintiff's rights in its federally registered copyright under 17 U.S.C.§ 501; and

    b. otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

(2) Issue injunctive relief against Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, permanently enjoining and restraining them from publishing, reproducing, selling or making any other infringing use or infringing distribution of the Copyrighted Material;

(3) Order the impoundment or destruction of all copies of the infringing work in the possession or control of any of the Defendants or their agents, employees, affiliated companies, and those acting in concert with them, pursuant to 17 U.S.C. § 503(a)(1) & (b);

(4) Order Defendants to account for and disgorge to Plaintiff all gains, profits, and advantages derived by their copyright infringement, pursuant to 17 U.S.C. § 504(b) and other law;

(5) Award Plaintiff such actual damages as it has sustained as a result of Defendants' copyright infringement in an amount to be determined at trial, and/or statutory damages pursuant to 17 U.S.C. §§ 504(b), 504(c);

(6) Award Plaintiff its costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505 and other law;

(7) Award Plaintiff pre- and post-judgment interest on any monetary recovery; and

(8) Granting such other and further relief as the Court deems just and appropriate.

Jury Trial Is Demanded on All Issues Triable by Jury

Respectfully submitted,

Ponnopozz, LLC

By: /s/ Julia Jensen Smolka
One of its attorneys

Julia Jensen Smolka, ARDC# 6272466
Vincent Borst, ARDC #6192904
Robbins Di Monte, Ltd.
216 W. Higgins Road
Park Ridge, IL 60068
(847) 698-9600
jsmolka@robbinsdimonte.com
vborst@robbinsdimonte.com